SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant,
United States Department of Justice

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CRAIG SCOTT ROSEBRAUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. CV 16-9003 ODW (MRWx)<br><br>JOINT RULE 26(f) REPORT<br><br>Scheduling Conference<br>Date: April 17, 2017<br>Time: 1:30 p.m.<br><br>[Before the Honorable Otis D. Wright II] |

Plaintiff, Craig Scott Rosebraugh, and Defendant, United States Department of Justice ("DOJ" or "agency"), by and through the undersigned counsel, hereby submit their Joint Rule 26(f) Report as required by Fed.R.Civ.P. 26(f), Central District Local Rule 26-1, and this Court's Order Re Scheduling Conference (Docket No. 11), filed

1

February 6, 2017. Counsel met and conferred about the matters set forth herein on February 8, 2017.

## I. FACTUAL SUMMARY OF THE CASE

In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq.*, Plaintiff seeks access to Federal Bureau of Investigation ("FBI") records concerning himself.

### A. The 2009 FOIA Request

Plaintiff first sought information from the FBI in 2009. Plaintiff sought: "copies of all files, correspondence, or other records concerning myself." That request was assigned FOIPA Request No. 1140145. The FBI released responsive documents to Plaintiff, with some information redacted pursuant to various FOIA exemptions, in April 2011 and August 2011. That FOIA request is not the subject of this current action.

### B. The 2015 FOIA Request

Plaintiff submitted a FOIA request dated February 20, 2015, to the FBI seeking "any and all records that were prepared, received, transmitted, collected and/or maintained by the [FBI], the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to *Craig Scott Rosebraugh*." Plaintiff requested a search of "all main file and cross-reference indices, filing systems, and locations." (Complaint, Dkt. No. 1, at ¶5.)

By letter dated March 2, 2015, the FBI advised Plaintiff that his FOIA request was received and assigned FOIPA Request No. 1322540. (Id., at ¶6.)

By letter dated April 30, 2015, the FBI provided Plaintiff a FOIA response stating: "[r]ecords responsive to your request were previously processed under the provisions of the [FOIA]. Enclosed is one CD containing 1882 pages of previously-processed documents…." The response also indicated that additional records potentially responsive to Plaintiff's FOIA request may exist, and directed Plaintiff to file a new FOIA request and/or request that the enclosed documents be re-processed. (Id.t, at ¶7.)

\\\

Plaintiff submitted another FOIA request dated July 6, 2015, seeking the same documents, asking that the FBI re-process the 1882 pages of previously processed documents, and seeking any additional records potentially responsive to Plaintiff, as set forth in the April 30, 2015 letter from the FBI (referencing FOIPA Request No. 1322540). (Id., at ¶8.)

By letter dated July 14, 2015, the FBI provided Plaintiff a FOIA response, indicating that it had located approximately 4,826 pages of records subject to the FOIA potentially responsive to his request, and advised him that fees might apply. (Id., at ¶9.) This response assigned Plaintiff's July 6 request FOIPA Request No. 1332542. (Id.) Plaintiff agreed to the fees. (Id., at ¶10.)

By letter dated August 13, 2015, the FBI provided a further response to FOIPA Request No. 1332542. The FBI referenced an e-mail exchange between Plaintiff and Ms. Bronson at the FBI on August 13, 2015, and informed Plaintiff that his request was: "in the large track of our multi-track backlog of unassigned FOIA requests. This track contains requests for records in excess of 950 pages and assignments from this queue to our FOIA Processing Units are typically delayed for a significant amount of time." The response also informed Plaintiff that approximately 4,826 pages were located. Plaintiff continued to request processing of all documents. (Id., at ¶11.)

Plaintiff submitted a FOIA appeal dated November 13, 2015, to the Department of Justice ("DOJ"). (Id., at ¶12.) By letter dated December 4, 2015, the DOJ, Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's appeal, assigned No. AP-2016-00829. (Id., at ¶13.) By letter dated April 6, 2016, the OIP informed Plaintiff that since no adverse determination had yet been made by the FBI, there is no action for the OIP to consider on appeal. The OIP also informed Plaintiff that his request had been assigned to an analyst for processing. (Id., at ¶14.)

II. **FEDERAL RULE OF CIVIL PROCEDURE 26f)**

The parties discussed the nature and basis of their claims and defenses, the possibilities for settlement or resolution of the case, discovery, summary judgment, and

additional matters as set forth below.

### A. CLAIMS AND DEFENSES / LEGAL ISSUES

**Plaintiff**

Plaintiff has a right of prompt access to the requested records under 5 U.S.C. §552(a) (3) (A) and Defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from Plaintiff.

**Defendant**

The waiver of sovereign immunity under the FOIA gives the Court jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. 5 U.S.C. §552(a)(4)(B); Spurlock v. FBI, 69 F.3d 1010, 1015 (9th Cir. 1995).

Under FOIA, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). The agency has the burden to justify the non-disclosure of documents and establish that a particular document is exempt from disclosure. Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995).

In this case, Plaintiff contends that he has not yet received additional records and brings this action alleging: (1) the FBI failed to conduct an adequate search for responsive records; and (2) the FBI is wrongfully withholding documents.

Although the FBI has not yet released documents to the Plaintiff pursuant to FOIA Request No. 1332542, it has identified approximately 6,700 potentially responsive pages, which includes those pages identified and processed as part of Plaintiff's 2009 FOIA request. Any segregable, non-exempt portion of those documents will be released to Plaintiff, in whole or in part, subject to any applicable FOIA exemptions. 5 U.S.C. §552(b). The FBI has begun processing these documents and will process at a rate of approximately 500 pages per month, and will release all segregable, non-exempt material from the processed documents.

In addition, some records identified as potentially responsive to Plaintiff's request are in files that are related to pending investigations. The FBI expects that this additional material will be withheld in full pursuant to FOIA Exemption 7(A), which provides that records or information compiled for law enforcement purposes is properly withheld where it "could reasonably be expected to interfere with enforcement proceedings." The FBI cannot provide additional information about these materials while investigations are on-going. These documents will also be processed to identify any underlying exemptions other than 7(A).

Defendant proposes a stay of this action in order to allow the FBI to respond to Plaintiff's FOIA request. The FBI has already started processing all potentially responsive material, and will make its initial response to Plaintiff, including production of any segregable, non-exempt pages, by April 14, 2017. Thereafter, the FBI will make monthly responses, which will include releasing any segregable, non-exempt material processed in the preceding month, to Plaintiff by the 15th of each month. The FBI anticipates that it will finish processing and make its final response, which will include releasing any remaining segregable, non-exempt material, to Plaintiff by June 15, 2018.

**B. SETTLEMENT**

**Plaintiff**

Local Rule 16-15.1 provides, "Unless exempted by the trial judge, the parties in each civil case shall participate in one of the ADR Procedures set for in this rule or as otherwise approved by the trial judge."

While L.R. 16-15.4 lists suggested ADR Procedures for the parties to follow, L.R. 16-15.9 makes the seemingly mandatory nature of the ADR policy subject to the discretion of the trial judge. It provides,

> Nothing in this rule shall preclude or replace any settlement practice used by any district judge or magistrate of the Court. The provisions of this rule are not exclusive and nothing in this rule shall preclude any district judge of the Court from

5

|   |   |
|---|---|
| 1 | dispensing with any provision of this rule as to any case or |
| 2 | category of cases, as the judge, in his or her discretion, |
| 3 | determines to be appropriate. |

Plaintiff asserts that the goals of ADR will not be realized in this action and, as such, Plaintiff respectfully requests that the parties be exempted from the requirements of this Court's standing order that they engage in ADR.

This litigation is a direct legal challenge to the non-disclosure of investigative documents by Defendant. Typically, FOIA cases such as this are expeditiously resolved through direct motions for summary judgment. Civil fact discovery is seldom needed or conducted. Given that the parties will soon present their legal issues to the Court by motion, it is unlikely that significant litigative resources or time will be saved by engaging in ADR.

Additionally, the issues in this case involve a matter of public policy. The FBI does not have the legal authority to compromise any of its claims. Nor will Plaintiff concede that responsive documents were properly withheld.

In <u>Kuzma v. U.S. Department of Justice</u>, 12-CV-807, Judge William M. Skretny, in a Decision and Order dated December 31, 2012, held that,

> "… cases involving FOIA demands for government agency records, which either contain or may contain sensitive investigative material, and which may be entitled to protection from or limitations on disclosure and production, are matters of public policy of the type intended to be exempt from automatic referral to the ADR program."

Also, see <u>Pickering, et al. v. U.S. Department of Justice, et. al.</u>, 13-CCV-674, Docket No. 33 at p. 2.

For the reasons set forth above, the parties have good cause to be exempted from ADR.

\\\

6

**Defendant**

Defendant maintains that there are no damages in a FOIA action. As stated above, the Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. There are no damages at issue. Thus, FOIA matters do not lend themselves to traditional settlement conference procedures, particularly in cases where, as here, the agency has not completed the processing of the documents and is working to release the documents. Until that process is complete, there is no way to identify any documents that might be at issue and therefore determine if the matter could be resolved with a further FOIA response or release of information.

**C. INITIAL DISCLOSURES**

The Parties maintain that because the facts in FOIA cases are rarely in dispute, most such cases are decided on motions for summary judgment. Yonemoto v. Dep't of Veterans Affairs, 648 F.3d 1049, 1055 (2011) (citing Flightsafety Servs. Corp v. Dep't of Labor, 326 F.3d 607, 610 (5th Cir. 2003)); see also, South Yuba River Citizens League v. Nat'l Marine Fisheries Servs., 2008 WL 2523819, at *3-4 (E.D. Cal., June 20, 2008) ("Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved."); Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (noting that FOIA cases are frequently decided at the summary judgment stage before a plaintiff can conduct discovery).

Accordingly, the parties agree that this matter will be resolved on summary judgment. There is typically no trial in a FOIA action. Accordingly, no witness lists have been compiled. In regard to documents, Plaintiff attached the relevant correspondence concerning the FOIA request to the Complaint.

\\\
\\\
\\\

### D. DISCOVERY

#### Plaintiff

Plaintiff will be filing a Motion for a Vaughn Index if Defendant does not voluntarily provide one.

#### Defendant

Defendant maintains that because this is a FOIA action, the usual discovery process does not apply. FOIA cases are different from other civil matters subject to the discovery provisions of the Federal Rules of Civil Procedure because the government bears the burden to justify non-disclosure of documents. See 5 U.S.C. §552(a)(4)(B); Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987); Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 742 (9th Cir. 1979). Because the government bears the burden of justifying non-disclosure in a FOIA case, discovery is not essential.

Moreover, discovery is greatly restricted in FOIA actions. See Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996). It is generally limited to the scope of an agency's search, its indexing and classification procedures, and similar factual matters. Id. Permissible discovery concerning such factual issues generally takes place, if at all, after the government moves for summary judgment and submits supporting affidavits and memorandum of law. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993). Defendant reserves the right to object to any discovery requested by Plaintiff.

### III. ADDITIONAL MATTER LISTED IN THE COURT'S ORDER RE: SCHEDULING CONFERENCE

#### A. Motion Schedule

As set forth above, the FBI anticipates that it will finish processing and make its final response to Plaintiff by June 15, 2018. Accordingly, the parties propose that this action be stayed until the response is complete. Thereafter, the parties propose the following briefing schedule:

- Defendant will file and serve a Motion for Summary Judgment and Vaughn Index/Declaration[1] by October 15, 2018.
- Plaintiff will file any Cross-Motion for Summary Judgment and Opposition to Defendant's Motion by November 14, 2018.
- Defendant will file a Reply/Opposition by December 5, 2018.
- Plaintiff will file any Reply by December 19, 2018.
- A hearing date, if necessary, convenient to the Court's calendar at that time.

### B. Estimated Time for Trial

As set forth above, FOIA cases are typically decided on motions for summary judgment. Yonemoto, supra, 648 F.3d at 1055. Because FOIA actions are customarily resolved by summary disposition, Defendant does not anticipate that a trial will be necessary to determine this matter. Therefore, Defendant has not proposed pretrial or trial dates at this time, nor any estimates regarding the trial.

### C. Additional Parties

The parties agree that it is unlikely that additional parties will appear in this case.

### D. Amended Pleadings

The parties do not contemplate any amended complaint in this case.

## IV. ADDITIONAL MATTER CONTEMPLATED BY FED.R.CIV.P. 16(b)(1) THROUGH (6) AND RULE 16(c)

### A. Fed.R.Civ.P. 16(b)(1) - (6)

As set forth above, discovery is typically not necessary in FOIA actions. The parties agree that no orders regarding the timing or modification of disclosures or discovery are necessary at this time. The Court's jurisdiction in this FOIA case centers around a determination of whether the agency is properly withholding agency records.

---

[1] In FOIA cases where the adequacy of the agency's search is at issue, the agency relies upon declarations, These declarations or affidavits (singly or collectively) are often referred to as a Vaughn Index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974). See also, Wiener v. FBI, 943 F.2d 927 at 978, n.6 (9th Cir. 1991), cert. denied, 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the Vaughn index").

Accordingly, no orders regarding the assertion of any privilege/protection of documents, or the disclosure, discovery or preservation of electronically stored information are necessary at this time. Defendant will identify the records at issue in its <u>Vaughn</u> Index and supporting declarations. Thereafter, the Court will determine whether the withholding of documents is proper, or order the production of any improperly withheld information.

B. **Fed.R.Civ.P. 16(c)**

The parties agree that no additional orders regarding the matters set forth in Fed.R.Civ.P. 16(c) are necessary at this time.

Dated: April 10, 2017

*Craig Rosebraugh*

Craig Scott Rosebraugh
Plaintiff, *Pro Se*

Dated: April 10, 2017

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

*/s/ Alarice M. Medrano*

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Justice